SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ROBERT J. STUMPF, JR., Cal. Bar No. 72851
  rstumpf@sheppardmullin.com
STEVEN WINICK, Cal. Bar No. 160815
  shwinick@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:   415-434-9100
Facsimile:   415-434-3947

Attorneys for RESPONDENT
ANTHONY H. THOLE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FISHER INVESTMENTS, INC., a California Corporation,<br><br>              Petitioner,<br><br>    v.<br><br>ANTHONY H. THOLE, an individual,<br><br>              Respondent. | Case No. 08-2872 SC<br><br>**RESPONDENT'S ANSWER TO PETITION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT** (9 U.S.C. § 9)<br><br>The Hon. Samuel Conti |

Respondent Anthony H. Thole, by and through his undersigned attorneys, hereby responds to petitioner Fisher Investments, Inc.'s Petition to Confirm Arbitration Award and Enter Judgment (9 U.S.C. § 9) as follows:

## PARTIES

1. Admitted upon information and belief.

2. Admitted.

## JURISDICTION AND VENUE

3. The allegations contained in Paragraph 3 constitute conclusions of law to which no responsive pleading is required.

4. To the extent the allegations contained in Paragraph 4 purport to characterize a written document, the document speaks for itself and Respondent denies all characterizations of that document. The remaining allegations contained in Paragraph 4 constitute conclusions of law to which no responsive pleading is required.

## ALLEGATIONS SUPPORTING PETITION

5. Respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and those allegations are therefore denied.

6. Respondent admits he was employed by Fisher as an Investment Counselor from March 17, 2003 through September 30, 2004. Respondent denies the remaining allegations of Paragraph 6.

7. The allegations contained in Paragraph 7 purport to characterize a written document, which speaks for itself. Respondent denies all characterizations of that document. Respondent admits Exhibit 1 is a true and correct copy of the Arbitration Agreement.

8. The allegations contained in Paragraph 8 purport to characterize a written document, which speaks for itself. Respondent denies all characterizations of that document.

9. The allegations contained in Paragraph 9 purport to characterize a written document, which speaks for itself. Respondent denies all characterizations of that document.

10. Denied.

11. The characterization of information as "confidential, trade secret customer information" constitutes a conclusion of law to which no responsive pleading is required. In any

event, Respondent denies that the information to which he had access constituted confidential, trade secret information. Respondent admits he had access to and use of certain information related to clients of Petitioner while he was employed by Petitioner. The remaining allegations of Paragraph 11 are denied as stated.

12. Admitted.

13. Denied.

14. Denied.

15. Admitted.

16. Admitted.

17. Respondent admits that on or about June 13, 2007, Petitioner and Respondent notified the appointed arbitrator they had reached a settlement. Respondent admits the Stipulated Injunction attached as Exhibit 4 is a true and correct copy. To the extent the allegations contained in Paragraph 17 purport to characterize a written document, that document speaks for itself, and Respondent denies all characterizations of that document.

18. The allegations contained in Paragraph 18 purport to characterize a written document, which speaks for itself. Respondent denies all characterizations of that document.

19. Admitted.

20. Respondent admits he contacted some Fisher customers he formerly serviced while he was at Fisher, as specifically permitted by the Stipulated Injunction. Respondent denies all other allegations.

21. Denied.

22. Denied.

23. The allegations contained in Paragraph 23 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

24. The allegations contained in Paragraph 24 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

25. The allegations contained in Paragraph 23 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

### FIRST AFFIRMATIVE DEFENSE

Petitioner's request fails because Petitioner has failed to satisfy the prerequisite showing of a good faith belief of a violation of the terms of the Stipulated Injunction.

### SECOND AFFIRMATIVE DEFENSE

Petitioner cannot establish that that Respondent violated the Stipulated Injunction.

### THIRD AFFIRMATIVE DEFENSE

Petitioner's request is barred, in whole or in part, by the doctrine of waiver and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Petitioner's request is barred, in whole or in part, due to fraud.

### FIFTH AFFIRMATIVE DEFENSE

Respondent reserves the right to assert any and all other affirmative defenses that may subsequently become evident during discovery and/or during any other proceeding in this action.

Dated: July 14, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____

Attorneys for Respondent
ANTHONY H. THOLE